IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW IAN WEBER,<br><br>Defendant. | CR- 14-16-BU-DLC<br><br>ORDER |

I. **Background**

On October 9, 2014, and upon the findings and recommendation of the undersigned United States Magistrate Judge, Chief District Judge Dana L. Christensen accepted Defendant Matthew Weber's plea of guilty, and thereby adjudged him guilty of the offense of conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Defendant has been in federal custody in this matter pursuant to a writ of habeas corpus ad prosequendum. On February 25, 2015, Defendant moved for a detention hearing and for his release from custody pending his sentencing set for April 3, 2015.

On March 9, 2015, the Court conducted a hearing on Defendant's motion. Neither the Defendant, nor the United States presented witnesses or evidence relative to the issue of whether Defendant is entitled to release from custody. Instead, Defendant's counsel made proffers on Defendant's behalf. He represented that Defendant has been subject to random drug testing over the past year while he has been incarcerated, and those drug test results have been negative for the use of drugs. Counsel asserted Defendant does not pose a threat of violence, and he is not a flight risk. Defendant has family contacts and support in Bozeman, Montana, and job opportunities there as well. Defendant also has drug counseling available to him if he were released.

**II.    Discussion**

In general, individuals convicted of certain criminal offenses under Title 21, United States Code, relative to controlled substances are not eligible for release while awaiting sentencing unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2)(A) and (B). It is undisputed that Defendant does not qualify for release under the specific circumstances set forth in 18 U.S.C. § 3143(a)(2)(A).

Nevertheless, a person who is subject to detention under 18 U.S.C. § 3143(a)(2) "may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (emphasis added). *See United States v. Garcia*, 340 F.3d 1013, 1015 n.2 (9th Cir. 2003) (concluding that section 3145(c) "applies to defendants seeking release pending sentencing"). A defendant seeking release under section 3145(c) bears the burden of "clearly" demonstrating that exceptional reasons exist. *United States v. DiSomma*, 951 F.2d 494, 495 (2nd Cir. 1991) and *United States v. Smith*, 34 F. Supp. 541, 553-54 (W.D. Pa. 2014).

The determinative issue in this case is whether Defendant has met his burden to identify exceptional reasons why he should be released pending sentencing. The Court concludes he has not.

The scope of the phrase "exceptional reasons" as used in section 3145(c) is not described in the federal statutes. The decisional law, however, has addressed a very wide range of factors and reasons that either qualify, or not, as exceptional

reasons. *See United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003). Therefore, the Ninth Circuit has concluded that "Congress placed broad discretion in the district court to consider all the particular circumstances of the case[,]" without limitation, in assessing whether exceptional reasons exist rendering a defendant eligible for release. *Id*. Thus, "the court should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors [...] it would be unreasonable to incarcerate the defendant prior to the appellate court's resolution of his appeal [or sentencing]." *Id*. at 1019.

Exceptional reasons must be something more than ordinary reasons that could otherwise support a defendant's release. *United States v. Koon*, 6 F.3d 561, 562 (9th Cir. 1993) (Rymer, J. concurring). Exceptional reasons are those that are "out of the ordinary," "uncommon" or "rare", and a defendant's typical arguments demonstrating an absence of a risk of danger or a risk of flight are not "exceptional reasons" warranting the defendant's release from custody. *Id*. at 563-64.

The Court concludes Defendant has not identified sufficient exceptional reasons why his continued detention is not appropriate. His arguments for release presented at the hearing are ordinary, not exceptional, reasons for release.

Therefore, Defendant is not eligible for release pending his sentencing under 18 U.S.C. §§ 3143(a)(2) and 3145(c).  IT IS HEREBY ORDERED Defendant's motion for release is DENIED.

DATED this 9th day of March, 2015.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge